## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B.,<br>a Federal Savings Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07 C 6226 |
| | ) | |
| GANESAN VISVABHARATHY, an<br>individual | ) | Judge Joan B. Gottschall |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY IN SPPORT OF HIS MOTION
### TO VACATE ORDER OF DEFAULT AND QUASH SERVICE

In support of his Motion to Vacate Order of Default and Quash Service, defendant, Ganesan Visvabharathy, states as follows:

### Introduction

Regardless of whether the burden of proof rests on plaintiff, Indymac Bank, F.S.B. ("Indymac"), or Dr. Visvabharathy, the uncontroverted evidence of record establishes that Indymac did not serve Dr. Visvabharathy at his "usual place of abode."  The law is clear, as Indymac's own cases concede, that the burden rests on Indymac to prove proper substituted service, including that it served the right abode.  But even if Indymac's assertion that Dr. Visvabharathy must prove that it was the wrong abode, that standard has been met, and then some.

Although it has had extensive opportunity to do so, Indymac can come forward with no proper evidence whatsoever that 7529 Ridgewood Lane, Burr Ridge, Illinois (the "Burr Ridge Residence") was Dr. Visvabharathy's abode on December 1, 2007, when it purports to have accomplished abode service.  It relies instead on its process server's affidavit, but the law is clear

that this is not even evidence of abode, because the server has no personal knowledge of that fact. The affidavits submitted by Dr. Visvabharathy, which establish that he did not live at the Burr Ridge Residence, from well before December 1, 2007, are therefore uncontroverted, and this is the end of the issue.

Having no evidence to counter the affidavits, Indymac purports to doubt their veracity, and demands documentation that Dr. Visvabharathy established a separate abode after leaving the Burr Ridge Residence, and the addresses where he lived. No authority requires this particular evidence of subsequent abode, but Dr. Visvabharathy provides it with this reply. There simply is no question here that Indymac's attempted substituted service was inadequate. Indeed, it is now known that – contrary to its current protestations of ignorance – Indymac was well aware that Dr. Visvabharathy had an abode subsequent to leaving his wife's home, because Indymac's process server went there looking for Dr. Visvabharathy. In the end, this entire proceeding is nothing more than Indymac's attempt to avoid having to make proper service on Dr. Visvabharathy in India, where he now resides, pursuant to Federal Rule of Civil Procedure 4(f). This attempt should not be rewarded, and Dr. Visvabharathy's motion to vacate the order of default and quash service should be granted.

<u>**Argument**</u>

**A.    Indymac Has Not Met Its Burden Of Countering The Affidavits Refuting Its Assertion Of Abode**

Even in its response, Indymac offers no support for its assertion that the Burr Ridge Residence was Dr. Visvabharathy's abode at the time of service, other than its original process server's affidavit and an unattested Westlaw "People Finder" search result. Neither is the proper evidence that is required from a plaintiff when the defendant provides sworn testimony that the asserted substituted service was not made at his abode. Rather, because the location of a

defendant's abode – unlike, for example, an attestation to personal service – is not within the process server's personal knowledge, affidavits challenging the assertion of abode can be overcome only with proper counteraffidavits. *Chiaro v. Lemberis*, 171 N.E.2d 81, 85 (Ill. App. Ct. 1960).

Indymac's cases are not to the contrary – indeed, they serve to highlight this point. In none of the cases Indymac relies upon to assert that it has provided *prima facie* evidence of service was there a question as to the proper location of abode service. Rather, each involved an attestation of *personal* service – which, unlike abode, falls within the server's personal knowledge – that was denied or questioned in conclusory fashion by the defendant. *See O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (finding "presumptive validity" of return of personal service because defendant did not offer any evidence – even his own affidavit – to dispute it); *Fleet Mortgage Corp.v. Wise*, No. 92 C 1102, 1997 WL 305319, at *2 (N.D. Ill. May 29, 1997) (accepting server's affidavit over that of defendant, who asserted that she "does not recall" having been personally served) (a copy of this unpublished decision is attached as Exhibit A); *Paul v. Ware*, 630 N.E.2d 955, 958 (Ill. App. Ct. 1994) (accepting server's affidavit over that of defendant "merely stating that he had not been *personally* served") (emphasis added). In fact, Indymac's own cases acknowledge that "it is the plaintiff who bears the burden of making a *prima facie* showing that service was properly effected and that the court has personal jurisdiction over the defendant." *Fleet Mortgage*, 1997 WL 305319, at *1.[1]

---

[1] There, the court put the burden of proof on the defendant only because it found that the defendant had notice of the proceeding and deliberately let the case go to judgment, choosing to contest jurisdiction by a post-judgment motion. *Id.* Here, no judgment has been entered, and there is no basis to find that Dr. Visvabharathy had notice of the proceedings and deliberately let a default be entered. To the contrary, Dr. Visvabharathy appeared and contested service as soon as he learned of these default proceedings, just as he contested service at the motion for default proceedings in the related action, No. 07 C 6224 pending in front of Judge Guzman, as soon as

By contrast, when challenged, a server's affidavit is given no weight whatsoever as to the question of whether he effected substituted service at the proper abode, because he has no personal knowledge of that fact:

> The return of the sheriff or bailiff on a summons cannot be lightly set aside, and it has been held that where the return is that the defendant is personally served, that return cannot be impeached by the evidence of the defendant alone. ***However, in the case of substituted service, a different rule applies.*** Here, where the serving officer attests that the place where the summons was served was the defendant's usual place of abode, he is attesting to a matter outside of his own personal knowledge. ***The recital in the return that the place where the summons was served was the defendant's usual place of abode cannot be accepted as proof, nor can it be treated as evidence. That portion of the return may be attacked by an affidavit, and where there is in the record no counteraffidavits contradicting it, such affidavit will be taken as true.***

*Chiaro*, 171 N.E.2d at 85 (emphasis added, internal citations omitted).

This is precisely the case here. Dr. Visvabharathy has provided affidavits refuting Indymac's contention that the place where he was supposedly served was his usual place of abode. Indymac has offered no counteraffidavits to support its process server's recital (and does not contend that its process server has any personal knowledge of Dr. Visvabharathy's abode), so Dr. Visvabharathy's affidavits are to be taken as true. For this reason alone, his motion to set aside default and quash service should be granted.[2]

---

he learned of them, and contested service in the default proceedings in No. 07 C 6219, pending before Judge Anderson, as soon as he learned of them. Note that Judge Guzman has scheduled a hearing in his matter on the question of service for April 15, 2008.

[2] Recognizing the insufficiency of its submission, Indymac attempts to supplement it with a result it obtained from Westlaw's "People Finder" database. This is pure hearsay, inadmissible for any purpose. No individual is authenticating the manner in which the underlying information was gathered or maintained, or when it was last updated, much less attesting to its accuracy on December 1, 2007. Indeed, the document on its face does not even purport to be "current" through that date. (Exhibit 4 to Indymac's Response). In light of the voluminous evidence to the contrary, this is plainly years-old information, which fails to account for the fact that Dr. Visvabharathy moved out of the Burr Ridge Residence in 2006.

Nor does Indymac's submission that Dr. Visvabharathy owns an interest in the Burr Ridge Residence have any bearing on the issue of abode, because it has nothing to do with

**B.    The Uncontroverted Evidence Establishes That Dr. Visvabharathy Did Not Reside At The Burr Ridge Residence On The Date Of Purported Substituted Service**

Even if the burden were on Dr. Visvabharathy to prove that the Burr Ridge Residence was not his usual place of abode on December 1, 2007, he has easily done so.  As noted above, Dr. Visvabharathy has provided sworn affidavits establishing that he moved out of the Burr Ridge Residence long before that date, and established a separate abode.  Indymac has offered no admissible evidence to the contrary.  Instead, it says that it doesn't believe the affidavits of Drs. Visvabharathy and Sastri, and that Dr. Visvabharathy must prove that he had a separate abode by providing additional evidence (like utility bills) in addition to the affidavits.  Contrary to Indymac's creative citations, no court has expressed any such rule.

Moreover, contrary to its disingenuous protestations of ignorance and disbelief, Indymac is and was well aware that Dr. Visvabharathy established a separate abode after leaving the Burr Ridge Residence.  When he moved out of his wife's home, Dr. Visvabharathy went to live at 400 South Catherine Avenue, La Grange, Illinois (the "La Grange Residence"), and resided there through October 2007.  (Visvabharathy Aff., Ex. B, ¶ 3; Affidavit of Yolanda Contreras, attached as Exhibit C, ¶¶ 2-3).  Copies of utility bills from his tenure at the La Grange Residence are provided as Exhibit A to Dr. Visvabharathy's affidavit.  (*Id.* ¶ 4 & Ex. A thereto).  Moreover, Dr. Visvabharathy has learned that, not only was Indymac aware of this post-marital abode, but it sent its process server there looking for Dr. Visvabharathy (although he did not attempt to serve any papers there).  (Contreras Aff., Ex. C, ¶ 4).  This undisclosed event, combined with the fact that Dr. Sastri told Indymac's process server repeatedly that Dr. Visvabharathy did not live there

---

whether he resided there on December 1, 2007.  To the contrary, he moved out long before then, and retains a financial interest in the property only pending the final resolution of his divorce (No. 06 D 530086, pending in the Circuit Court of Cook County).  (Visvabharathy March 13, 2008 Affidavit, attached as Exhibit B, ¶ 2).

(*see* Sastri Affidavit, Exhibit D to Motion to Vacate Order of Default and Vacate Service, ¶¶ 4-5) – not to mention the server's undisputed misconduct in lying to Dr. Sastri and threatening harassment of her and her children (*id.*) – demonstrates that Indymac's assertion that the Burr Ridge Residence was Dr. Visvabharathy's abode is not only wrong, but made in bad faith.

In October 2007, Dr. Visvabharathy left the La Grange Residence and moved to India, where he has lived since. (Visvabharathy Aff., Ex. B, ¶ 5). His abode on December 1, 2007 – the purported date of substituted service at the Burr Ridge Residence – was located at 196/8 Asiad Colony, Anna Nagar West, Chennai 600 101, India. (*Id.*).

Lacking any evidence to dispute the fact that it served the wrong abode (and knew it was doing so), Indymac attempts to "poison the well" by saying that Dr. Visvabharathy has resisted Indymac's attempts to obtain his proper address by informal inquiry, so that service could be effectuated by non-disputed means. Counsel for Dr. Visvabharathy would not normally address the parties' attempts to settle even part of their dispute in Court filings, but it is necessary to correct any misperception created by Indymac's charge. The truth is, when Dr. Visvabharathy subsequently offered to provide his current address in India so that Indymac can serve him pursuant to Federal Rule of Civil Procedure 4(f), Indymac did not even respond to the offer. (*See* March 7, 2008 email from Dr. Visvabharathy to counsel for Indymac, attached as Exhibit D). Then, Dr. Visvabharathy offered to accept service in this and the related cases, but Indymac instead insisted that he file this reply, refusing to agree even to a short (7 day) delay in the briefing so that the parties could attempt to reach agreement on the issue. (*See* March 13, 2008 email from Dr. Visvabharathy to counsel for Indymac, attached as Exhibit E).[3]

---

[3] To be clear, both offers were made after Indymac filed its Response, so it did not file a false pleading in that respect. However, the impression that Indymac wanted to create – that it is forced to proceed with poor evidence and arguments in favor of service because no reasonable

**C.    Dr. Visvabharathy Has Met His Burden To Vacate Default And Quash Service**

Indymac argues that Dr. Visvabharathy's motion should be denied because he supposedly has not met the standards applied to post-judgment motions to vacate, namely, meritorious defense, good cause, and quick action to correct.  Indymac is wrong substantively about each of these issues but, more importantly, no such showings are applicable in a case of improper service (the only matter raised in the present motion).  It is black-letter law, cited in Indymac's own cases, that a default judgment or order entered when there has been no proper service of process is void, and must be set aside, without any additional showing.  *Fleet Mortgage*, 1997 WL 305319, at *1 ("[A]ny judgment rendered against an improperly served party is 'void' under Rule 60(b)(4).…  [B]ecause void judgments are legal nullities, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate such a judgment under Rule 60(b)(4).") (internal citations and brackets omitted); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside.").  The fact that Indymac did not effectuate proper service alone requires that the order of default be vacated.[4]

**D.    There Is No Basis To Order Discovery**

Indymac is standing on its obviously improper service because it seeks to avoid the proper procedure for serving Dr. Visvabharathy – namely, Rule 4(f).  Its request for discovery is simply more of the same.  It cites no authority for this demand because, not surprisingly, there is no provision in the Federal Rules permitting a party to bootstrap itself into discovery by engaging in the charade of substituted service that it knows is ineffective, and then seeking

---

alternatives are available to it – is now shown to be false.

[4] If Indymac's point is that there is no basis other than service to vacate the default order, that point is premature at best.  The question of whether, even if there was good service on Dr. Visvabharathy, the order of default should nevertheless be vacated, is not before the Court.

discovery to "verify" the defendant's sworn response.  Dr. Visvabharathy has made more than an adequate showing that the Burr Ridge Residence was not his usual place of abode on December 1, 2007, and no discovery is needed or authorized to "verify" the uncontroverted evidence submitted to the Court.

## <u>Conclusion</u>

WHEREFORE, defendant Ganesan Visvabharathy respectfully requests that this Court enter an Order vacating its January 17, 2008 order of default, quashing service, and awarding such other and further relief as the Court deems proper.

Respectfully submitted,

GANESAN VISVABHARATHY


By: /s/  Daniel A. Shmikler
       One of his attorneys

Bruce S. Sperling
Daniel A. Shmikler
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois  60603
(312) 641-3200
(312) 641-6492 (fax)

# EXHIBIT A

Westlaw.

Not Reported in F.Supp.                                                                    Page 1
Not Reported in F.Supp., 1997 WL 305319 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

C
Fleet Mortg. Corp. v. Wise
N.D.Ill.,1997.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.
FLEET MORTGAGE CORPORATION, Plaintiff,
v.
Paxton WISE, Annie L. Wise, and the Clara Abbott
Foundation, Defendants.
**No. 92 C 1102.**

May 29, 1997.

*MEMORANDUM OPINION*

GRADY, District Judge.

*1 Before the court is the motion of defendant Annie L. Wise to quash service and vacate a prior judgment under Federal Rule of Civil Procedure 60(b)(4). For the reasons stated in this opinion, the defendant's motion is denied.

*BACKGROUND*

The facts are straightforward. On February 12, 1992, the Fleet Mortgage Corporation ("Fleet") filed a complaint seeking the foreclosure of a mortgage on property owned by Paxton Wise, Annie Wise, and The Clara Abbott Foundation. On July 8, 1992, pursuant to Fleet's oral motion, we dismissed the complaint but granted Fleet leave to reinstate. The case was eventually reinstated on February 2, 1993. On April 21, 1993, we granted Fleet's motion for a default judgment against the defendants based on the defendants' failure to plead to the complaint. We then appointed a special commissioner to oversee the foreclosure and sale of the property. On April 2, 1997, because of defects in the service of process, we vacated the judgment of foreclosure and sale as to Paxton Wise. We simultaneously directed Fleet to effect service on Paxton Wise by April 12, 1997. We did, however, leave the judgment intact as to Annie Wise and The Clara Abbott

Foundation. On April 17, 1997, Annie Wise filed a motion stating that she, too, had not been properly served. She now seeks to quash service and vacate the judgment.

*DISCUSSION*

We begin by reviewing the ground rules under Rule 60 and Rule 4. Generally, the failure to challenge personal jurisdiction in a responsive pleading amounts to a forfeiture of that claim. *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 914 (7th Cir.1994), *cert. denied,*514 U.S. 1111, 115 S.Ct. 1964, 131 L.Ed.2d 855 (1995). This general rule sometimes gives way, however, in situations involving default judgments. Because a defaulted party may ascribe his failure to appear or file an answer to flawed or nonexistent service of process, that party may challenge a district court's exercise of personal jurisdiction in a motion for Rule 60(b) [FN1] relief. *Swaim v. Moltan Co.,* 73 F.3d 711, 717 (7th Cir.), *cert. denied,*517 U.S. 1244, 116 S.Ct. 2499, 135 L.Ed.2d 191 (1996). Because inadequate service prevents the court from acquiring personal jurisdiction, any judgment rendered against an improperly served party is "void" under Rule 60(b)(4). *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 808 (7th Cir.1969); *Commonwealth Edison Co. v. Diversified Technologies Group, Inc.,* No. 93 C 4138, 1993 WL 479046, at *3 (N.D.Ill. Nov.17, 1993). As a corollary, because void judgments are legal nullities, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate [such a] judgment under Rule 60(b)(4)." *United States v. Indoor Cultivation Equip.,* 55 F.3d 1311, 1317 (7th Cir.1995).

> FN1. Rule 60(b) provides in relevant part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 305319 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

Jurisdictional challenges pursuant to Rule 60(b) alter the customary burdens of proof. Normally, it is the plaintiff who bears the burden of making a prima facie showing that service was properly effected and that the court has personal jurisdiction over the defendant. *Trotter v. Oppenheimer & Co., Inc.,* No. 96 C 1238, 1997 WL 102531, at *2 (N.D.Ill. March 4, 1997); *Ellis v. Welch,* No. 92 C 4633, 1994 WL 87387, at *2 (N.D.Ill. March 14, 1994) (Pallmeyer, Mag. J.); *Phelps v. Klipfel,* No. 91 C 4742, 1991 WL 259019, at *1 (N.D.Ill.Dec.2, 1991). Nonetheless, "[i]f the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a post-judgment rule 60(b)(4) motion." *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 401 (7th Cir.1986); *see also Chase Int'l, Inc. v. Link and Pan of Texas, Inc.,* No. 94 C 6533, 1995 WL 506056, at *1 (N.D.Ill. Aug.17, 1995); *Schubert's Marine Sales & Serv., Inc. v. M/V Reeter II,* 724 F.Supp. 1229, 1231 (N.D.Ill.1989) (both holding that a defendant proceeding under Rule 60(b)(4) must demonstrate that the court lacked jurisdiction in the first instance).

**\*2** The "substance" of Wise's motion is governed by Rule 4. Under Rule 4(e),[FN2] service may be effected according to the law of the state in which the district court sits. The Illinois Code

provides that service of a summons upon an individual is to be made either by "leaving a copy thereof with the defendant personally" or by delivering a copy to a suitable person "at the defendant's usual place of abode." 735 ILCS 5/2-203(a)(1)-(2) (1992). As is the case under the Federal Rules, a judgment based on insufficient service is void and may be vacated at any time under Illinois law. *Dec and Aaue v. Manning,* 248 Ill.App.3d 341, 187 Ill.Dec. 776, 618 N.E.2d 367, 372 (Ill.App.Ct.1993); *Prudential Property & Cas. Ins. Co. v. Dickerson,* 202 Ill.App.3d 180, 147 Ill.Dec. 514, 559 N.E.2d 854, 857 (Ill.App.Ct.1990).

FN2. Rule 4(e) reads in part:
Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained or filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States ... pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State....
Fed.R.Civ.P. 4(e)(1). Fleet attempted to serve Wise before the 1993 amendments to the Federal Rules took effect. Those amendments consolidated in the new subdivision (e) the provisions of former subdivisions (c)(2)(C)(i), (d)(1), and (e). The new subdivision (e) made no substantive change with regard to the use of state service of process rules. *Swaim,* 73 F.3d at 720 n. 5. As a result, we will, for convenience, refer to Rule 4(e) in our analysis of the sufficiency of service in this case.

Fleet attempted to serve Wise personally in 1992 and in 1993. Wise contends that both attempts failed. Wise first argues that she did not receive a copy of the summons regarding Fleet's February 1992 lawsuit. Although the process server's affidavit states that Wise was served on April 7, 1992, Wise asserts that she does not recall receiving such service. Wise also insists that the process server's affidavit is invalid because it states that service was

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 305319 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

made on a 50 year old woman, whereas Wise was actually 58 years old at the time of the alleged service.[FN3] Wise next argues that Fleet also failed to effect service after the reinstatement of the case in February 1993. Wise again asserts that she does not recall receiving a copy of the summons. Similarly, she contends that the process server's affidavit, which states that service was made on a 45 year old woman on February 13, 1993, is invalid, given Wise's actual age of 58.

> FN3. Fleet also attempted to serve Wise on March 8, 1992. Wise argues that that service was improper because the summons was not delivered to a family member residing in her home. However, Fleet does not rely on (or even discuss) this attempt to serve Wise in its brief. As a result, the court need not decide whether or not the March 8, 1992, service was sufficient.

Wise's arguments are unpersuasive. Her assertions that she does not recall receiving copies of the summons and the complaint (assertions made in Wise's supplemental affidavits) fall far short of discharging her burden of proof.[FN4] It is well established that a signed return of service or an affidavit of service is prima facie evidence that service was properly executed. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993); *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 52 (N.D.Ill.1989); *Paul v. Ware,* 258 Ill.App.3d 614, 196 Ill.Dec. 790, 630 N.E.2d 955, 958 (Ill.App.Ct.1994). These returns or affidavits can be overcome only by "strong and convincing evidence" of defective service. *See O'Brien,* 998 F.2d at 1398 (quoting *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir.1955)); *see also Winning Moves, Inc. v. Hi! Baby, Inc.,* 238 Ill.App.3d 834, 179 Ill.Dec. 12, 605 N.E.2d 1026, 1029 (Ill.App.Ct.1992) (observing that prima facie proof of proper service "can only be overcome by clear and convincing evidence" and that "the court is required to indulge in every reasonable presumption in favor of the re-

turn"). Furthermore, [a]n uncorroborated defendant's affidavit merely stating that he [has] not been personally served with summons is insufficient to overcome the presumption favoring the affidavit of service." *Paul,* 630 N.E.2d at 948; *see also Winning Moves,* 179 Ill.Dec. 12, 605 N.E.2d at 1029-30 (noting that "[u]ncorroborated testimony of the party upon whom service purports to have been made is not considered clear and convincing evidence"). That being the case, Fleet's affidavits, which state that Wise was personally served on April 7, 1992, and February 13, 1993, are more than adequate to carry the day.[FN5]

> FN4. It appears that Wise knew of the foreclosure suit against her at the time of the default judgment. For example, in April 1992, Wise, through her attorneys, received notice of an automatic stay in the bankruptcy proceedings against her property. *See* Plaintiff's Response To Motion To Quash Service On Defendant Annie L. Wise ("Plaintiff's Response"), Exhibit B (attaching a copy of the notice). Thus, to paraphrase *Schubert's Marine Sales,* "[b]ased on the materials submitted to this court, it is likely that [the defendant] knew of the suit against [her], even if [s]he did not receive proper service." 724 F.Supp. at 1230.

While Wise's actual notice of the foreclosure suit is sufficient to shift the burden of proof, it does not, as Fleet contends, mean that Rule 4 should otherwise be "construed liberally." Plaintiff's Response at 2. "[I]t is well recognized that a 'defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements.' " *Mid-Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991) (quoting *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988)); *see also Swaim,* 73 F.3d at 719 ("Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint."); *Cheek v. Doe,* 110 F.R.D. 420, 422 (N.D.Ill.1986), *rev'd in part on*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 305319 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

*other grounds,* 828 F.2d 395 (7th Cir.1987) (holding that a defendant's awareness of a lawsuit "does not cure insufficient service"); *Gacki v. La Salle Nat'l Bank,* 282 Ill.App.3d 961, 218 Ill.Dec. 615, 669 N.E.2d 936, 939 (Ill.App.Ct.1996) ("[I]f a defendant has not been properly served and does not enter a general appearance, any order which the court enters against him is void *ab initio* regardless of whether the defendant had actual knowledge of the proceedings.").

> FN5. Because a voluntary dismissal "simply leaves the situation as if the earlier action had never been filed,"*Hoosier Bancorp of Ind., Inc. v. Rasmussen,* 90 F.3d 180, 184 (7th Cir.1996), we assume that Fleet was required to re-serve Wise upon reinstatement of the case. *See also Beck v. Caterpillar Inc.,* 50 F.3d 405, 407 (7th Cir.1995); *Robinson v. Willow Glen Academy,* 895 F.2d 1168, 1169 (7th Cir.1990) (both holding that a case voluntarily dismissed pursuant to Rule 41 "is treated as if it had never been filed").

**\*3** Wise's other argument-that the affidavits of service are invalid because the process servers did not state her actual age-fares no better. In her brief, Wise provides no legal support for her position. Perhaps this is because Rule 4 makes no mention of any requirement that a return of service must precisely specify the defendant's age. Or perhaps it is because Wise's argument is directly foreclosed by the language of Illinois' service of process statute: "The officer ... or other person making service, in his or her affidavit or in a record filed and maintained in his or her employer's office, shall [ ] identify as to sex, race and *approximate* age the defendant or other person with whom the summons was left ..."735 ILCS 5/2-203(b) (1992) (emphasis added). Indeed, Illinois courts have held that even a return which altogether omits the defendant's age is not necessarily facially invalid. *Principal Mut. Life Ins. Co. v. Dohm,* 201 Ill.App.3d 960, 147 Ill.Dec. 391, 559 N.E.2d 564, 566 (Ill.App.Ct.1990); *see*

*also id.*(holding that while a sloppy return gives some indication that process was not served, the defendant must offer more than uncorroborated testimony to overcome the presumption of valid service); *A-Z Equip. Co. v. Moody,* 88 Ill.App.3d 187, 43 Ill.Dec. 438, 410 N.E.2d 438, 440 (Ill.App.Ct.1980) (holding that a summons which does not refer to the defendant by his correct name is not *per se* invalid). Had the process servers in this case stated that they delivered copies of the summons to, say, a 25 year old woman, Wise might have a colorable argument. But the servers' notations of "50" and "45" were reasonable approximations of Wise's actual age and in no way invalidate the personal service on Wise.[FN6]

> FN6. Our conclusion that Wise was properly served makes it unnecessary for the court to consider Fleet's argument that Wise consented to jurisdiction by failing to file a special appearance.

*CONCLUSION*

For the foregoing reasons, we hold that the plaintiff properly effected service upon Annie L. Wise on April 7, 1992, and on February 13, 1993. Annie Wise's motion to quash service and vacate the judgment of foreclosure is therefore denied with prejudice.

N.D.Ill.,1997.
Fleet Mortg. Corp. v. Wise
Not Reported in F.Supp., 1997 WL 305319 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: FEB 21,2008

## KEYCITE

**C** **Fleet Mortg. Corp. v. Wise, 1997 WL 305319 (N.D.Ill., May 29, 1997) (NO. 92 C 1102)**

### History

=>     1 **Fleet Mortg. Corp. v. Wise,** 1997 WL 305319 (N.D.Ill. May 29, 1997) (NO. 92 C 1102)

### Court Documents

### Dockets (U.S.A.)

**N.D.Ill.**

2 FLEET MTGE CORP v. WISE, ET AL, NO. 1:92cv01102 (Docket) (N.D.Ill. Feb. 12, 1992)

### Citing References

### Positive Cases (U.S.A.)

### ★★ Cited

**C**     3 Citibank, N.A. v. Grafmeyer, 2005 WL 1799280, *2 (N.D.Ill. Jul 27, 2005) (NO. 05 C 3608) "

**H**     4 Madaffari v. Metrocall Companies Group Policy GL, H-21163-0, Plan Number 501, 2004 WL
        783060, *2, 32 Employee Benefits Cas. 2299, 2299 (N.D.Ill. Jan 12, 2004) (NO. 02 C 4201)

**C**     5 Federal Equipment Corp. v. Puma Industrial Co., Ltd., 182 F.R.D. 565, 567 (N.D.Ill. Oct 23,
        1998) (NO. 97 C 0352)

### Court Documents

### Trial Court Documents (U.S.A.)

**Trial Motions, Memoranda and Affidavits**

6 Arnold JACKSON, et al, v. F.I.E. CORP., et al., 2001 WL 36100691, *36100691 (Trial Motion,
Memorandum and Affidavit) (E.D.La. Apr 11, 2001) **Supplemental Post-Hearing Memor-
andum in ...** (NO. 95-2389) *

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058
914 668, or their Licensors. All rights reserved.

# EXHIBIT B

## AFFIDAVIT OF GANESAN VISVABHARATHY

1.      I am over the age of 21.  I make this affidavit based on my personal knowledge.

2.      I moved out of 7529 Ridgeweeood Lane, Burr Ridge, Illinois (the "Burr Ridge Residence) no later than the summer of 2006.  I moved out permanently, and have not returned to live there, even though I own an interest in the house pending the finality of my divorce.

3.      After moving out of the Burr Ridge Residence, I moved to 400 South Catherine Avenue, La Grange, Illinois (the "La Grange Residence"), where I lived through October 2007.

4.      Attached to this Affidavit as Exhibit A are utility bills from when I lived at the La Grange Residence.

5.      In October 2007, I moved to India, where I have resided ever since.  My abode on December 1, 2007 was at 196/8 Asiad Colony, Anna Nagar West, Chennai 600 101.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  March 13, 2008

_____
            Ganesan Visvabharathy

# EXHIBIT A
# TO AFFIDAVIT OF GANESAN
# VISVABHARATHY



**ComEd.**
An Exelon Company

www.exeloncorp.com

USEFUL TELEPHONE NUMBERS
Hearing Impaired: 1-800-572-5789
Customer Service:    1-800-Edison-1 (1-800-334-7661)

Page 1 of 1

| | |
|---|---|
| Name | GANESAN VISVABHARATHY |
| Service Location | 400 S CATHERINE AVE LA GRANGE |
| Phone Number | 630-986-2434 |
| **Account Number** | **9524788037** |

Issue Date    September 14, 2007

Meter Information

| Read Date | Meter Number | Load Type | Reading Type | Meter Reading Previous | Present | Diff | Mult x | ne |
|---|---|---|---|---|---|---|---|---|
| 09/14 | 997001047 | General Service | Tot kWh | 89325 ACT | 90899 ACT | 1574 | 1 | .74 |

Current Period

Residential – Blended Single          Service from  08/16/2007  to  09/14/2007  – 29 Days

| | | | |
|---|---|---|---|
| Customer Charge | | | $7.26 |
| Standard Metering Charge | | | 2.21 |
| Distribution Facilities Charge | 1,574 kWh X | 0.01965 | 30.93 |
| Transmission Services Charge | 1,574 kWh X | 0.00415 | 6.53 |
| Supply Administration Charge | | | 0.03 |
| Energy Supply Charge | 1,574 kWh X | 0.07320 | 115.22 |
| Purchased Electricity Adjustment | | | 7.87 |
| Environmental Cost Recovery Adj | 1,574 kWh X | 0.00010 | 0.16 |
| Instrument Funding Charge Credit | 1,574 kWh X | -0.00415 | -6.53 |
| Instrument Funding Charge Debit | 1,574 kWh X | 0.00415 | 6.53 |
| Franchise Cost | $39.81 X | 5.72900% | 2.28 |
| State Tax | | | 5.19 |
| Municipal Tax | | | 5.56 |
| **Total current charges** | | | **$183.24** |

Other Charges

Thank you for your payment of $222.97

**Total amount due**                                   **$183.24**

Your Usage Profile



13-Month Usage (Total kWh)

| Month Billed | Total Demand | Avg Daily kWh | Avg Daily Temp |
|---|---|---|---|
| Current Month | 0.0 | 54.3 | 69 |
| Last Month | 0.0 | 64.5 | 73 |
| Last Year | 0.0 | 91.6 | 67 |

Past due balances are subject to late charges. If you have a past due balance on your ComEd bill, you may be at risk for disconnection. For help with paying your electric bill, see this month's Energy@Home bill insert.



| ACCOUNT NUMBER | DATE DUE | AMOUNT DUE |
|---|---|---|
| 44382203 | 10/05/07 | $109.58 |



**FOLLOW YOUR HOMETOWN TEAM. WHEREVER YOU CALL HOME.**

DIRECTV.

To order, visit directv.com/nfl

## Summary

**Statement Date:** 09/16/07
*Page 1 of 1 for:*
**GANESAN VISVABHARATHY**
**For Service at:**
400 S CATHERINE AVE
LA GRANGE, IL 60525-6312

| | |
|---|---|
| Previous Balance | 109.58 |
| Payments | -109.58 |
| Current Charges & Fees | 109.98 |
| Adjustments & Credits | 0.00 |
| Taxes | -0.40 |
| **Amount Due** | **$109.58** |

## Activity

| Start | End | Description | Amount |
|---|---|---|---|
| | | Previous Balance | 109.58 |
| 08/28 | | Payment - Thank You | -109.58 |
| | | **Current Charges for Service Period 09/15/07 - 10/14/07** | |
| 09/15 | 10/14 | PREMIER Monthly | 99.99 |
| 09/15 | 10/14 | HD Access Monthly | 9.99 |
| | | Sales Tax | -0.40 |
| | | **AMOUNT DUE** | **$109.58** |



**To contact us call 1-800-531-5000**

**Moving?** Call 1-866-WAY-U-MOVE or visit directv.com/moving.

**IMPORTANT NOTICE**
For your convenience, we will automatically charge your credit or debit card on file for this bill amount, if unpaid, plus any new fees posted to your account, and any applicable cancellation and equipment non-return fees if you cancel your DIRECTV service.

**COLLEGE FOOTBALL IS COMING**
See the most college action with ESPN Game Plan. Up to 12 games every Saturday only 2 payments of $64.50 each. Offer ends 9/29. Call 1-800-GET-SPORTS.

**GET $50 OFF YOUR BILL** for each person you refer who activates **DIRECTV®** service. Give them your DIRECTV account number and tell them to call **1-866-GIFT-TO-YOU**. For details go to directv.com/refer.

U872-0003          1 2 3 6

# EXHIBIT C

## AFFIDAVIT OF YOLANDA CONTRERAS

1. I am over the age of 21. I make this affidavit based on my personal knowledge.

2. I reside at 222 East Pearson, Chicago, Illinois. Until November 2007, I resided at 400 South Catherine Avenue, La Grange, Illinois (the "La Grange Residence").

3. Dr. Ganesan Visvabharathy was also living at the La Grange Residence until October 2007.

4. In November 2007, a man came to the La Grange Residence asking for Dr. Visvabharathy. I told him that Dr. Visvabharathy no longer lived there. He then said that he had papers for Dr. Visvabharathy. He said that the post office had the La Grange Residence registered as the address where Dr. Visvabharathy's mail was to be sent. I responded that Dr. Visvabharathy may not have yet sent a change of address card to the post office, but that he no longer lived at the La Grange Residence. The man left without attempting to give me any papers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 11, 2008

_Yolanda Contreras_
Yolanda Contreras

# EXHIBIT D

## Daniel Shmikler

| | |
|---|---|
| **From:** | Daniel Shmikler |
| **Sent:** | Friday, March 07, 2008 11:08 AM |
| **To:** | Gary I. Blackman |
| **Cc:** | James G. Martignon; Bruce Sperling |
| **Subject:** | RE: Indymac/Vish - Vish Motion to Quash Service of Summons |

Gary,

We remain unauthorized to accept service, but I can advise you that Dr. Vish has taken up residence in India, and we can provide you with his address there so that he can be properly served pursuant to Fed. R. Civ. P. 4(f). Please let me know if you would like to pursue appropriate service at his actual residence.

Dan

---

**From:** Gary I. Blackman [mailto:gblackman@lplegal.com]
**Sent:** Wednesday, March 05, 2008 6:33 PM
**To:** Daniel Shmikler
**Cc:** James G. Martignon; Bruce Sperling
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

I'll await your email. I offer again to give your client the time necessary to respond if he accepts service. This is a colossal waste of everyone's time.

---

**From:** Daniel Shmikler [mailto:DShmikler@sperling-law.com]
**Sent:** Tuesday, March 04, 2008 12:01 PM
**To:** Gary I. Blackman
**Cc:** James G. Martignon; Bruce Sperling
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

Gary,

I had responded to Jim when we met at the courthouse last week – I am working on getting updated dates from Dr. Vish and Dr. Sastri in light of the Court's delay of the hearing date.

We expect to call the two of them as witnesses. I presume you will call your process server – do you intend to call anyone else?

If it is just these three witnesses, we can schedule the hearing for a morning or an afternoon, and should probably have 3 alternative dates to present to the Court. I'll get back to you with dates we can do it, and would appreciate if you did the same.

Dan

---

**From:** Gary I. Blackman [mailto:gblackman@lplegal.com]
**Sent:** Monday, March 03, 2008 7:16 PM
**To:** Daniel Shmikler
**Cc:** James G. Martignon
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

Dan, can I get a response on this? We are up on March 10 and I would like to be able to coordinate with you so we can get a hearing date that day. Thank you. Gary

3/13/2008

**From:** Gary I. Blackman
**Sent:** Friday, February 22, 2008 11:05 AM
**To:** 'dshmikler@sperling-law.com'
**Cc:** James G. Martignon; Steve A. James
**Subject:** Indymac/Vish - Vish Motion to Quash Service of Summons

Dan, I know we have a difference of opinion on the merits of your motion to quash service, but now that the judge is requiring that your client come to court and testify as to his true place of abode (after which, even if our initial service is bad, he will be served) now might be a good time for you to accept service and get the time you need to respond - which we will, of course, agree to give you. Otherwise, we are all wasting a lot of time and money with the end result being the same. If this is not agreeable to your client, let us know by the close of business Monday when Vish and his wife are available to testify so we can check our schedules before we have to report back to the court on Wednesday. Thank you.

Gary I. Blackman
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St. Suite 1300
Chicago, Illinois 60602
312.476.7536   Fax: 312.346.8434   Cell: 312.371.8961
gblackman@lplegal.com
www.lplegal.com



Please feel free to contact my assistant Candy Graham at 312.476.7651.

Levenfeld Pearlstein is committed to our environment. Please join us and consider not printing this e-mail unless necessary.

In conformity with U.S. Treasury Department Circular 230, tax advice contained in this communication and any attachments is not intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, nor may any such tax advice be used to promote, market or recommend to any person any transaction or matter that is the subject of this communication and any attachments. The intended recipients of this communication and any attachments are not subject to any limitation on the disclosure of the tax treatment or tax structure of any transaction or matter that is the subject of this communication and any attachments.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--
This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

Levenfeld Pearlstein is committed to our environment. Please join us and consider not printing this e-mail unless necessary.

In conformity with U.S. Treasury Department Circular 230, tax advice contained in this communication and any attachments is not intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, nor may any such tax advice be used to promote, market or recommend to any person any transaction or matter that is the subject of this communication and any attachments. The intended recipients of this communication and any attachments are not subject to any

limitation on the disclosure of the tax treatment or tax structure of any transaction or matter that is the subject of this communication and any attachments.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--

This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

# EXHIBIT E

## Daniel Shmikler

**From:**   Daniel Shmikler
**Sent:**    Thursday, March 13, 2008 10:47 AM
**To:**      James G. Martignon
**Cc:**      Gary I. Blackman; Bruce Sperling
**Subject:** Indymac v. Vish - service

Jim,

I haven't heard back from you regarding our conversation yesterday, or my subsequent voicemail.  As I said in my message, much of the reason that our client is willing to enter into the compromise we offered regarding service of process is to avoid the expense of additional pleading on the issue.  Accordingly, I asked whether, at a minimum, you would join an agreed motion to put over the remaining briefing for a week while we determine whether plaintiff will accept the proffered compromise.  Otherwise, we will have to file our reply today in support of our motion to set aside the default order in the matter pending before Judge Gottschall, which may undermine my client's interest in our proposal.  Please contact me immediately to advise whether you are amendable either to the compromise, or the agreed motion.

Dan

## CERTIFICATE OF SERVICE

I, Daniel Shmikler, an attorney, hereby certify that on March 13, 2008, I electronically filed **Defendant's Reply In Support Of His Motion To Vacate Order Of Default And Quash Service** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following persons listed below:

> Gary I. Blackman, Esq.
> James G. Martignon, Esq.
> Levenfeld Pearlstein, P.C.
> 2 North LaSalle Street
> Suite 1300
> Chicago, Illinois  60602

> /s/ Daniel A. Shmikler_____
> Daniel A. Shmikler