UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br> a Federal Savings Bank, <br><br> Plaintiff, <br><br> v. <br><br> GANESAN VISVABHARATHY, <br> an individual, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 07 C 6226 <br> ) <br> ) Honorable Joan B. Gottschall <br> ) <br> ) <br> ) <br> ) <br> ) |

**INDYMAC, F.S.B.'s MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO FILE SURREPLY TO DEFENDANT'S REPLY**

INDYMAC BANK, F.S.B. ("Indymac") files this Memorandum of Law in Support of Its Motion to File Surreply to new matters raised by Defendant GANESAN VISVABHARATHY ("Visvabharathy") in his Reply in support of his Motion to Vacate the Court's Order of Default and Quash Service, and requests that the Court strike Visvabharathy's Reply, or in the alternative grant Indymac discovery so it can ascertain the truth of the matters asserted by Defendant and rebut them. In support hereof, Indymac respectfully states as follows:

**Preliminary Statement**

On February 14, 2008, Visvabharathy filed a Motion to Vacate the Court's entry of default and to quash service. On March 18, 2008, Visvabharathy filed a Reply in which he raised for the first time a number of new matters including: a new affidavit in which he makes many new, unsupported and often contradictory assertions regarding the history of his residences on or about December 1, 2007 ("Service Date"); provides two bills in his name for a newly identified residence in Illinois that he now claims was his

residence; introduces a new witness for whom no information regarding her relationship with Visvabharathy is provided, who likewise proffers unsupported conclusory assertions that cannot be verified from the face of her affidavit, and who contradicts other matters pled by Visvabharathy in his Reply; and representations from Visvabharathy's attorneys that at least as of March 7, 2008, he had established an undisclosed residence in India.

Aside from the fact that this new information does not constitute strong and convincing evidence required of Defendant to meet his burden of proof, it was patently improper for Visvabharathy to raise new matters in his Reply in an attempt to cut off Indymac's ability to respond to, investigate the truth of and rebut these matters.

Furthermore, because a person, particularly a self-reported international traveler such as Visvabharathy may have multiple residences at the same time, his proffer of two bills at another address are not conclusive of whether the Marital Home constituted one of his dwelling houses or abodes on the Service Date. This is particularly true in light of the uncontroverted evidence that it is his last known place of address, he jointly owns the house with his wife, he refinanced the house as recently as May 2007, and that he continued to hold out the Marital Home to the general public as his residence by failing to change his mailing address and by continuing to receive mail at the Marital Home.

As such, Visvabharathy has failed to carry his burden of proof by strong and convincing evidence and his motion should be denied, including for allowing this matter to go to default. Judge Anderson has already entered default judgment against Defendant

in Case No. 6219[1], and this Court is not precluded from doing the same simply because proceedings are pending before other Courts in this District.

## The Applicable Law

### I. It is Improper to Raise New Matters in a Reply.

It is improper for a party to raise new matters in a reply brief as a reply is for replying, not for raising essentially new matter that could have been advanced in a party's opening brief. *Autotech Technologies Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D.Ill. 2006). Loading-up a reply effectively results in a one-sided presentation which is hopelessly inconsistent with the very premise on which the adversary system is based. *Id.* In addition to being unfair to one's opponent who must now file an additional brief to address the new matters raised, the tactic of saving everything for last adversely affects the accuracy of the judicial process which depends on comprehensive presentations by both sides. *Id.* To insure that the aggrieved party is not impermissibly affected, a court must either invoke the waiver doctrine to preclude new matters raised in the Reply, or allow the filing of a surreply. *Id.*

### II. A Person Can Have Multiple Simultaneous Residences for Purposes of Service of Process.

An individual can have multiple dwelling houses or usual places of abode provided each contains sufficient indicia of permanence. *In re Xacur*, 219 B.R. 956, 966-67 (Bankr. S.D.Tex. 1998). This is particularly true in a highly mobile and affluent society where it is unrealistic to interpret Rule 4 so that the person to be served has only one dwelling house or usual place of abode at which process may be left. *Id. See also*

---

[1] A copy of Judge Anderson's Order of Judgment on February 5, 2008, against Visvabharathy is attached hereto as Exhibit 1.

*Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (instructing same and that a strictly literal interpretation of Rule 4 may thwart its purposes – to insure that service is reasonably calculated to provide a defendant with actual notice of the lawsuit).

### III.  Factual Questions Regarding Service are Appropriately Determined by Discovery, Depositions and Oral Testimony.

Factual questions concerning the manner in which disputed service has been executed may be determined by the Court through affidavits and discovery such as by depositions or oral testimony. *SGS-Thomson Microelectronics, Inc. v. United Microelectronics Corp.*, Case No. C-92-1098-DLJ, 1993 WL 299230, at *2 (N.D.Cal. July 21, 1993) (explaining same in Rule 12(b)(5) context); *Wright & Miller, Federal Practice & Procedure, § 1353* (instructing that when a defendant supports a motion to quash service with an affidavit denying the validity of service, the plaintiff may present counter-affidavits, depositions, oral testimony, or may move for a continuance of the hearing so that he may conduct discovery on the service's propriety).[2]

As such, depositions and other forms of discovery such as interrogatories may be propounded by a plaintiff to investigate assertions made by a defendant and his witnesses. *See, e.g., Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 146-47 (D.Ariz. 1970) (permitting depositions and interrogatories where defendant contended that he no longer lived at his children's apartment when service was effected at that address).

---

[2] A copy of the pertinent sections of § 1353 of Wright and Miller is attached hereto as <u>Exhibit 2</u>.

## **Factual Background**

Defendant Ganesan Visvabharathy ("Visvabharathy") owes Indymac more than $37 million on account of his personal, unconditional guaranty for a loan Indymac made to one of Visvabharathy's businesses, and which loan is in default.[3]

On January 17, 2008, this Court entered an Order of Default against Defendant due to his failure to file an answer or otherwise appear.

On February 14, 2008, Visvabharathy filed a Motion to Vacate the Court's Order of Default and to Quash Service ("Motion to Vacate"). In support of his Motion to Vacate, Visvabharathy filed two affidavits from himself and his wife. Neither affidavit was supported by corroborating documentary evidence from which statements made by Defendant and his wife could be verified.

On February 22, 2008, Judge Guzman found in Case No. 6224 that Indymac had established a *prima facie* case of the validity of the same service as used in this case, thereby shifting the burden to Defendant.[4] As a result, Judge Guzman ordered an evidentiary hearing on the matter, which is now set for April 15, 2008, and has permitted the parties to take depositions.

On March 13, 2008, Visvabharathy filed a Reply in this case. As part of his Reply, Visvabharathy proffers new affidavits, a previously undisclosed witness, two documents, and a range of unsupported legal assertions not previously raised in his Memorandum of Law in Support of his Motion to Vacate. The new matters include:

---

[3] In fact, Visvabharathy owes an additional $59 million to Indymac and its affiliate for guaranties he provided for loans made by Indymac to other businesses owned and controlled by Visvabharathy, and which loans are also in default. Visvabharathy's breach of these guaranties are the subject of pending actions in this District before Judge Guzman, Case No. 6224, and Judge Anderson, Case No. 6219.

[4] *See Indymac's Response*, p. 2-3.

(a) a new Affidavit from Visbaharathy ("3/13/08 Affidavit") in which he alleges that he had moved out of the Marital Home no later than summer 2006, moved into a new address located at 400 South Catherine Avenue, La Grange, Illinois ("LaGrange Address"), and that he subsequently moved to and established a residence in India as of the Service Date. A copy of the 3/13/08 Affidavit is attached as Exhibit B of Visvabharathy's Reply;

(b) An electric bill and satellite television bill in Visvabharathy's name at the La Grange Address;

(c) An Affidavit of Ms. Yolanda Contreras ("Contreras Affidavit") claiming that she lived at the La Grange Address until November 2007, that Visvabharathy lived at the La Grange Address until October 2007, and stating that she told the process server in November 2007 that Visvabharathy no longer lived at the La Grange Address. A copy of the Contreras Affidavit is attached as Exhibit C of Visvabharathy's Reply;

(d) An email from Defendant's attorneys dated March 7, 2008 ("March 7, 2008 Email") stating that they remained unauthorized to accept service and that Visvabharathy had taken up residence at an undisclosed residence in India. A copy of the 3/7/08 Email is attached as Exhibit D of Visvabharathy's Reply.

Except for the two bills referenced in subparagraph (b) above, Visvabharathy provided no corroborating documentary evidence for any of the new matters raised by his Reply. He also argued that by way of his Reply, he has met his burden of proof and Indymac is thereby precluded from investigating the conclusory assertions offered by Visvabharathy and his witnesses. *Visvabharathy Reply*, p. 7-8. Visvabharathy offers no legal authority supporting such a proposition.

### Argument

I. **Visvabharathy is Not Allowed to Raise New Matters in His Reply as a Tactical Move to Prevent Indymac from Investigating the Truth of His Assertions.**

It was patently improper for Visvabharathy for the first time in his Reply to raise new matters and inject new evidence into this case in an attempt to prevent Indymac from

investigating the truth of or even having the opportunity to respond. *Autotech Technologies,* 235 F.R.D. at 437.

The new matters raised by Visvabharathy's 3/13/08 Affidavit, the identity of Ms. Contreras and her assertions, the two bills, and Visvabharathy's new version of the history of his purported residences were all well known to and well within Defendant's control and ability to produce as part of his Motion and Memorandum in Support thereof. Instead, he chose to withhold this evidence until he filed his Reply.

Defendant should not be rewarded for such gamesmanship and the new matters raised in his Reply and supporting affidavits should either be stricken and/or Indymac should be allowed to reply and to investigate the truth of the new matters asserted so that it can properly respond to Visvabharathy.

## II. The New Matters Raised by Visvabharathy Do Not Sustain His Burden of Proof and Offer a Contradictory History of His Purported Residences.

Nor does Visvabharathy's new evidence consisting largely of unsupported conclusory and contradictory assertions sustain his burden of proof. A signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence. *See Indymac's Response* at p. 3 (citing to *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). Visvabharathy does not even attempt to address *O'Brien,* which is controlling law in this Circuit, but instead continues to argue a state law standard that is inapplicable to this forum[5] and

---

[5] See Defendant's Reply at 3 (citing *to Chiaro v. Lemberis,* 171 N.E.2d 81, 85 (Ill.App.Ct. 1960) that under Illinois state law a process server's affidavit of service does not establish a *prima facie* case of service).

which was rejected by Judge Guzman in Case No. 6224 when he found that Indymac had established its *prima facie* case of service.

And, contrary to Visvabharathy's assertions in his Reply, courts do indeed require defendants to sustain their burden of proof by clear and convincing evidence. Uncorroborated conclusory assertions are insufficient. *See Indymac's Response* at 3-4 (citing to *Fleet Mortgage Corp. v. Wise*, Case No. 92 C 1102, 1997 WL 30319 at *2 (N.D.Ill. May 29, 1997) (uncorroborated affidavit merely stating that movant has not been personally served is insufficient); *Paul v. Ware*, 630 N.E.2d 955, 958, 258 Ill.App.3d 614, 618 (Ill.Ct.App. 1994) (refusing to quash service and vacate default where defendant merely stated he was not served and presented no supporting documentation)). *See also Garcia v. Cantu*, 363 B.R. 503 (Bankr. W.D.Tex. 2006) (rejecting defendant's assertions that service was invalid because he had moved to Mexico where *inter alia* he did not testify, he did not produce documentary evidence, he did not change his address, and the court did not find his witness' testimony credible).

Against these standards, Visvabharathy has not offered strong and convincing evidence to sustain his burden of proof. Rather he offers unsupported conclusory assertions, including introduced for the first time in his Reply, that he purportedly: (a) moved out of the Marital Home no later than summer of 2006; (b) he moved to the La Grange Address where he purportedly lived through October 2007; (c) in October 2007 he purportedly moved to India; and (d) his abode on the Service Date was purportedly at the previously undisclosed address of 196/8 Asiad Colony, Anna Nagar West, Chennai 600 101. *See 3/13/08 Affidavit.* No strong and convincing documentary evidence

supporting Defendant's assertions have been provided from which these conclusory statements can be verified.

Furthermore, Visvabharathy's 3/13/08 Affidavit contradicts his Affidavit of February 14, 2008 ("2/14/08 Affidavit"), in which he stated that, "I have been traveling abroad for the past several months, beginning in or about October 2007." *See Exhibit E of Visvabharathy's Memorandum of Law*. By his 3/13/08 Affidavit, he now instead of traveling abroad purportedly moved to and established a previously undisclosed residence in India as of the Service Date. The truth cannot be discerned from Visvabharathy's contradictory and conclusory Affidavits alone.

Nor does Ms. Contreras' Affidavit fare much better. As an initial matter, no explanation of who Ms. Contreras is, the nature of her relationship with Visvabharathy, or the basis of her knowledge is provided by either Defendant or Ms. Contreras. There is no way to establish her credibility as a witness from the face of her Affidavit alone.

Second, Ms. Contreras likewise offers unsupported conclusory assertions regarding the history of Visvabharathy's purported residences which cannot be verified from the face of her Affidavit. In fact, her Affidavit confirms that she told the process server in November 2007 that Visvabharathy did not live at the La Grange Address. At a minimum, she has simply reinforced the likelihood that the Marital Home (Visvabharathy's last known address), was the proper address at which to make service.[6]

---

[6] Furthermore, and based on Ms. Contreras' representation to the process server, it is difficult to understand Defendant's complaint at p. 5-6 of his Reply that the process server, and thus Indymac, exhibited bad faith by effecting service on Defendant at the Marital Home. While Mrs. Sastri's (Defendant's wife) version of the events of service remain disputed and are irrelevant to the issue at hand (Visvabharathy's actual residence or residences on December 1, 2007), no impropriety occurred by the process server effecting service at the Marital Home after Ms. Contreras told him that Visvabharathy did not live at the La Grange Address.

This is confirmed by the fact that Visvabharathy has continued to hold out to the public that the Marital Home is his residence by failing to change his mailing address at which he continues to receive his mail. *See Request for Change of Address and Box Information*, attached hereto as <u>Exhibit 3</u>.

While Indymac has no reason to and does not doubt the representations of Defendant's attorneys that Visvabharathy has as of the present taken up residence in India, again no supporting proof has been offered by which Defendant's claims can be verified, nor is his current undisclosed residence dispositive of the identity of his actual residence or residences on the Service Date.

In short, Visvabharathy has not offered strong and convincing evidence to sustain his burden of proof. Considering that he owes Indymac in excess of $90 million and he chose to flee to India rather than satisfy his obligations to Plaintiff, his burden should be high indeed. He has not sustained it and his Motion should be denied.

> **III.    Visvabharathy's Evidence of Multiple Potential Residences Does Not Preclude the Existence of Simultaneous Residences and is Not Dispositive Whether the Marital Home was a Proper Place of Service.**

It is also black letter law that a person can have more than one dwelling house or place of abode for purposes of service, even if he produces evidence of a separate residence. *See Blackhawk Heating & Plumbing*, 50 F.R.D. 146-47 (finding abode service on defendant's daughter at Arizona apartment proper even though defendant had also established a residence in California, provided evidence in the form of a lease, checks and bank statements indicating a California address, but continued to pay the rent in Arizona, did not leave a forwarding address, and left other property at the apartment). Indeed, multiple residences are likely for a defendant who regularly travels and works in multiple

locations and countries as Visvabharathy claims to do. *See, e.g., In re Xacur*, 219 B.R. 956, 966 (Bankr. S.D.Tex. 1998) (finding service proper at Houston condominium owned and used by Mexican national during his travel to the United States, even though he spent 80% of his time in Mexico).

While Visvabharathy has now belatedly provided two bills for the La Grange Address, such evidence is not dispositive whether the Marital Home continued to constitute a dwelling house or place of abode for Visvabharathy on the Service Date for purposes of service, particularly in light of the fact that:

- (a) The Marital Home is Visvabharathy's last known address, including based on a public records search;
- (b) He jointly owns the Marital Home with his wife as tenants in the entirety;
- (c) He refinanced the Marital Home on May 9, 2007, after he purportedly moved out of the Marital Home as of summer 2006;
- (d) He continues to hold the Marital Home out to the general public as his residence by failing to change his mailing address and continuing to receive mail at the Marital Home.

In short, the truth of the matter cannot be ascertained without further discovery and an evidentiary hearing in which the credibility of Visvabharathy and his previously and newly disclosed witnesses are evaluated.

### IV. Defendant's Unsupported Assertions That Indymac is Not Entitled to Investigate the Truth of Defendant's Evidence is Erroneous.

In a final attempt to prevent Indymac or the Court from investigating the truth of his assertions, Visvabharathy argues that there is no legal basis authorizing discovery against Visvabharathy and his witnesses. *See Visvabharathy's Reply* at 7-8. Visvabharathy offers no legal authority for such a proposition.

Rather, the law is clear that discovery in all its forms is appropriate to resolve factual disputes regarding the propriety of service. *See, e.g. Blackhawk Heating & Plumbing*, 50 F.R.D. at 146-47 (permitting depositions and interrogatories). Should the court find that Visvabharathy's pleadings and affidavits have raised sufficient factual questions in dispute, discovery is clearly warranted so that the Court and the parties may ascertain the truth of the matter.

## CONCLUSION

WHEREFORE, INDYMAC BANK, F.S.B. respectfully requests that the Court:

A. Grant *Instanter* its Motion to File its Surreply and Memorandum of Law in Support Thereof;

B. Deny Visvabharathy's Motion to Vacate Default and Quash Service;

C. Strike Visvabharathy's Reply and supporting affidavits and exhibits;

D. In the alternative, grant Indymac discovery so that it may ascertain the truth of and rebut Defendant's assertions and evidence;

E. Grant Indymac such further relief as the Court deems just and proper.

Respectfully submitted,

INDYMAC BANK, F.S.B.

By: /s/ James G. Martignon
        One of Its Attorneys

Gary I. Blackman (ARDC #6187914)
James G. Martignon (ARDC #6277974)
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
(312) 346-8380 – Telephone
(312) 346-8434 – Facsimile
gblackman@lplegal.com
jmartignon@lplegal.com