# EXHIBIT 2

Case 1:07-cv-06226   Document 30-3   Filed 03/25/2008   Page 2 of 6

Westlaw.

5B FPP § 1353                                                                                      Page 1
5B Fed. Prac. & Proc. Civ.3d § 1353

Federal Practice & Procedure
Current through the 2008 Update

Federal Rules Of Civil Procedure
The Late Charles Alan Wright[FNa10], Arthur R. Miller[FNa11]

Chapter 4. Pleadings and Motions
Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
C. Presentation of Defenses and Objections

Link to Monthly Supplemental Service

§ 1353 Motions to Dismiss—Insufficiency of Process and Service of Process

**Primary Authority**

Fed. R. Civ. P. 12

**Forms**

West's Federal Forms §§ 2448, 2449, 2513 to 2524

The motions authorized by Federal Rules 12(b)(4) and 12(b)(5) permit the defendant to challenge departures from the proper procedure for serving the summons and complaint and the contents of the former for purposes of giving notice of the action's commencement.[FN1] The procedural requirements for proper service are set forth in Rule 4 and they are incorporated by Rule 12(b).[FN2] The defendant is free to interpose any objection he or she may have to the adequacy of the summoning process by way of a motion under these two subdivisions of Rule 12(b).[FN3]

At the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.[FN4] A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[FN5] of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5),[FN6] a motion under Rule 12(b)(4) is fairly rare.

Although the distinction between the Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served. Several courts that have dealt with this problem simply have treated a combination of the two motions as a proper procedure.[FN7]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06226   Document 30-3   Filed 03/25/2008   Page 3 of 6

5B FPP § 1353                                                                                                    Page 2
5B Fed. Prac. & Proc. Civ.3d § 1353

An appropriate objection under Rule 12(b)(5) would be the nonreceipt by the defendant of a summons,[FN8] the absence of an agency relationship between the recipient of process and the defendant,[FN9] a lack of notice to the defendant when service is delivered to a third party under a federal or state statute, or any other failure to comply with the procedural requirements in the applicable service provisions.[FN10]

In spite of Rule 12(b)(5)'s defined scope, some federal courts have treated a Rule 12(b)(5) motion as if it were a Rule 12(b)(2) motion for lack of personal jurisdiction.[FN11] This is especially common when the reach of a state long-arm statute[FN12] or the question whether a defendant corporation is "doing business" within the forum state[FN13] is in issue. In a typical case, a nonresident defendant failed to distinguish between the two bases for dismissal and moved under Rule 12(b)(5) to dismiss the case "for lack of jurisdiction over the person of defendant by reason of insufficient service of process."[FN14] Clearly, a Rule 12(b)(2) motion would have been more appropriate.

Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him;[FN15] the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion. A few courts have noted this distinction between the motions,[FN16] but the cases indicate that it generally is quite acceptable to question the court's jurisdiction by a motion objecting to service of process.[FN17] The occasional judicial failure to distinguish sharply between the two has not caused any difficulty, however, because the courts have been able to determine the merits of the real issue before them regardless of how the motion is designated and nothing appears to turn on the misdesignation.

A motion challenging service must be made prior to the filing of a responsive pleading,[FN18] the timing of which is governed by Rule 12(a).[FN19] However, in Kadet-Kruger & Company v. Celanese Corporation of America,[FN20] a relatively early case under the federal rules, the district court's construction of Rule 12(a) virtually nullified the timeliness requirement in the context of a Rule 12(b)(5) motion. In that case the court, opening a default judgment against a defendant who had notice of the case but was improperly served, quoted the provision in Rule 12(a) that the defendant must answer or otherwise plead within twenty days after he has been served with the summons and complaint. The court then interpreted this provision to mean that the defendant had twenty days to answer after a "legally permissible" summons had been served upon him and thus held that the defendant's motion to quash service was not untimely. The implications of this case and a number of related problems are discussed in a later section.[FN21]

The defendant may present objections to the insufficiency of the process or the insufficiency of the service of process in the answer,[FN22] provided he or she has not advanced any other Rule 12(b) defense by pre-answer motion.[FN23] But if a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived. Thus, a subsequent motion under Rule 12(b)(4) or Rule 12(b)(5) raising the defense or its inclusion in the answer will be barred and the court will proceed with the case.[FN24]

Since the defense of improper service of process involves a matter in abatement and does not go to the merits of the action, it is technically not proper to raise it by a summary judgment motion. However, when the defense was actually asserted in the answer as well, at least one court has construed the summary judgment motion as a motion for a preliminary hearing pursuant to Rule 12(d).[FN25] Because the defense of insufficient service of process is personal, there is some authority to the effect that it may not be raised by the court on its own motion.[FN26] But there does not seem to be anything wrong with the district judge's calling the parties' attention to the defect and allowing the party to be served to decide whether to waive it.

The objection to insufficiency of process or its service should point out specifically in what manner the plaintiff has failed to satisfy the requirements of the service provision that was utilized.[FN27] If the record before the court does not reveal any deficiency in the process or in its service, the defendant's motion to dismiss or to quash service

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06226   Document 30-3   Filed 03/25/2008   Page 4 of 6

5B FPP § 1353  Page 3
5B Fed. Prac. & Proc. Civ.3d § 1353

must be denied. In the case of an objection under Rule 12(b)(4) to the form of the process, the motion will be granted only when the defect is prejudicial to the defendant.[FN28] Otherwise the court will allow an amendment of the process to correct the defect.[FN29] Also, at least one district court has held that if the plaintiff misnames the defendant but the defendant actually is notified that the lawsuit is pending against him, then the court should allow the plaintiff to amend the document to correct the mistake and should not dismiss the action under Rule 12(b)(5).[FN30] This assumes the absence of statute of limitations problems of the type discussed under the relation back provision in Rule 15(c).[FN31]

The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity.[FN32] Inasmuch as the filing of the summons and complaint with the clerk precedes the actual service of process and those documents contain no allegations concerning it, the contents of the summons and complaint typically are of no value in deciding a Rule 12(b)(4) or Rule 12(b)(5) motion.[FN33] Normally the process server's return will provide a prima facie case as to the facts of service[FN34] but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion.[FN35] Of course, when the defendant supports a motion to quash service with an affidavit denying the validity of service, the plaintiff may present counter-affidavits, depositions, or oral testimony,[FN36] or the plaintiff may move for a continuance of the hearing on the defendant's motion so that he may conduct **discovery** on the service's propriety.[FN37]

Any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or a Rule 12(b)(5) motion should be determined by the district court[FN38] in accordance with Rule 12(d),[FN39] except that factual issues intertwined with the merits of the case may have to wait until trial for their resolution and cause a deferral of a decision of the motion.[FN40] As usually is true of other Rule 12(b) motions, a dismissal under Rule 12(b)(4) or 12(b)(5) is not on the merits and has no res judicata effect.[FN41] A dismissal based on a lack of timely service is reviewed by the court of appeals for an abuse of discretion.[FN42]

[FNa10] Charles Alan Wright Chair in Federal Courts, The University of Texas.

[FNa11] Bruce Bromley Professor of Law, Harvard University.

[FN1]

**Purpose of motion**

Richardson v. Alliance Tire & Rubber Co., Ltd., D.C.Kan.1994, 158 F.R.D. 475, **quoting Wright & Miller.**

[FN2]

**Requirements of Rule 4**

See vols. 4, 4A, and 4B, §§ 1061 to 1137.

[FN3]

**Scope of motions**

Grant-Brooks v. Nationscredit Home Equity Servs. Corp., D.C.Tex.2002, 2002 WL 424566.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06226   Document 30-3   Filed 03/25/2008   Page 5 of 6

5B FPP § 1353                                                                   Page 24
5B Fed. Prac. & Proc. Civ.3d § 1353

Read v. Corbitt Co., D.C.Pa.1950, 10 F.R.D. 125.

Griffin v. Illinois Cent. R.R. Co., D.C.Ill.1949, 88 F.Supp. 552.

Kaffenberger v. Kremer, D.C.Pa.1945, 4 F.R.D. 478.

Alexander Young Distilling Co. v. National Distillers Prods. Corp., D.C.Pa.1940, 33 F.Supp. 334.

Hertzner v. U.S. Postal Servs., D.C.N.Y.2007, 2007 WL 869585.

O'Dell v. Inyo County Sheriff's Dep't, D.C.Cal.2006, 2006 WL 3834397 (slip op.), **quoting Wright & Miller.**

See also

Farley v. Sprague, 1978, 372 N.E.2d 1298, 1301, 374 Mass. 419, **citing Wright & Miller.**

[FN36]

**Forms of evidence**

Chatman v. Condell Medical Center, D.C.Ill.2002, 2002 WL 737051.

Modern Computer Corp. v. Ma, D.C.N.Y.1994, 862 F.Supp. 938.

Wells v. City of Portland, D.C.Ore.1984, 102 F.R.D. 796.

Kilpatrick v. Texas & P. Ry. Co., D.C.N.Y.1947, 72 F.Supp. 635, reversed on other grounds C.A.2d, 1948, 166 F.2d 788, certiorari denied 69 S.Ct. 32, 335 U.S. 814, 93 L.Ed. 369.

Andrade v. American Mail Lines, D.C.R.I.1947, 71 F.Supp. 201.

Spreckles Sugar Co. v. South Atl. S.S. Line, D.C.Ga.1944, 55 F.Supp. 670.

Jiffy Lubricator Co. v. Alemite Co., D.C.N.D.1939, 28 F.Supp. 385.

[FN37]

**Discovery**

Collins v. New York Cent. Sys., C.A.1963, 327 F.2d 880, 117 U.S.App.D.C. 182.

Urquhart v. American-La France Foamite Corp., C.A.1944, 144 F.2d 542, 79 U.S.App.D.C. 219, certiorari denied 65 S.Ct. 273, 323 U.S. 783, 89 L.Ed. 625.

General Indus. Co. v. Birmingham Sound Reproducers, Ltd., D.C.N.Y.1961, 26 F.R.D. 559.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06226   Document 30-3   Filed 03/25/2008   Page 6 of 6

5B FPP § 1353                                                                                          Page 25
5B Fed. Prac. & Proc. Civ.3d § 1353

River Plate Corp. v. Forestal Land, Timber & Ry. Co., D.C.N.Y.1960, 185 F.Supp. 832.

Kaffenberger v. Kremer, D.C.Pa.1945, 4 F.R.D. 478.

Jiffy Lubricator Co. v. Alemite Co., D.C.N.D.1939, 28 F.Supp. 385.

See also

Anderson v. British Overseas Airways Corp., D.C.N.Y.1956, 149 F.Supp. 68.

Lane, Ltd. v. Larus & Bro. Co., D.C.N.Y.1955, 136 F.Supp. 299.

[FN38]

**Determination by court**

Melson v. Kroger Co., D.C.Ohio 1982, 550 F.Supp. 1100, 1103, **citing Wright & Miller.**

Steinberg v. Landair Associated Corp., D.C.N.Y.1950, 10 F.R.D. 447 (master appointed).

Cranford v. U.S., D.C.Cal.2005, 359 F.Supp.2d 981.

Boggiano v. Art Kapoor Realty Inc., D.C.Cal.2005, 2005 WL 1575418.

See also

Jones v. Davega Stores Corp., D.C.N.Y.1950, 10 F.R.D. 434, affirmed C.A.2d, 1951, 186 F.2d 707, certiorari denied 72 S.Ct. 31, 342 U.S. 817, 96 L.Ed. 618.

[FN39]

**Rule 12(d)**

See vol. 5C, § 1373.

[FN40]

**Decision at trial**

When the question of proper service is bound up with the merits of a case, a decision on a Rule 12(b)(5) motion should await the findings on the merits at trial. Schramm v. Oakes, C.A.10th, 1965, 352 F.2d 143.

Powell v. Knight, D.C.Va.1947, 74 F.Supp. 191.

Dixie Restaurants, Inc. v. Philips Consumer Electronics Co., D.C.Tenn.2005, 2005 WL 948802 (pretrial challenge under Rule 12(b)(4) that plaintiff served wrong defendant was dismissed because question of fact remained as to whether company served and defendant company making motion were separate companies).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.