**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6226 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| GANESAN VISVABHARATHY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is the defendant's motion to vacate the order of default and quash

service [20] and the plaintiff's motion for an entry of judgment [16].  For the reasons stated

below, the defendant's motion is granted and the plaintiff's motion is consequently denied

without prejudice.

**I. PROCEDURAL POSTURE**

On November 2, 2007, the plaintiff, Indymac Bank, F.S.B. ("Indymac"), filed a

complaint alleging that the defendant, Ganesan Visvabharathy ("Visvabharathy"), is in breach of

a guaranty to repay a loan of more than $31 million.  It invoked the court's diversity jurisdiction,

alleging that Indymac is a citizen of California, Visvabharathy is a citizen of Illinois, and the

amount in controversy is in excess of $75,000.  *See* Compl. ¶ 3 (citing 28 U.S.C. § 1332).  Two

other cases are pending in this district involving the same parties and alleging other loan

defaults: *Indymac Bank, F.S.B. v. Visvabharathy et al.*, No. 07 C 6224 (Guzman, J.), and *IBA,*

*LLC v. Visvabharathy*, No. 07 C 6219 (Anderson, J.).

On January 17, 2008, in this case, Indymac moved for entry of an order of default against

Visvabharathy.  It provided the court with proof of "abode service" on Visvabharathy's wife at

7529 Ridgewood Lane, Burr Ridge, Illinois on December 1, 2007, as well as affidavits in support. In light of the presumptive validity of the return of service presented, and Visvabharathy's failure to appear or file a responsive pleading within the allotted timeframe, the court entered an order of default. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must file a responsive pleading within twenty days of service); *id.* 55(a) (allowing a default to be entered where a defendant fails to plead or otherwise defend); *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (noting that a "signed return of service constitutes prima facie evidence of valid service").

The default was set for a prove-up hearing on damages. At the hearing on January 30, 2008, counsel for Visvabharathy appeared and requested leave to file a motion to quash service and vacate the default, which the court granted. Indymac was granted leave to move for default judgment to be entered and continued pending resolution of the motion to quash. On April 23, 2008, while Visvabharathy was preparing a sur-reply in support of its motion to quash, Indymac filed a suggestion of bankruptcy as to Visvabharathy. In his response to Indymac's sur-reply, Visvabharathy has represented to the court that the bankruptcy action has been dismissed. Therefore the court turns to the motions.

## II. ANALYSIS

Visvabharathy has moved to vacate the default order and quash service arguing that the substitute service was ineffective because 7529 Ridgewood Lane, Burr Ridge, Illinois was not his "usual place of abode" on December 1, 2007. Indymac contends that Visvabharathy has not met his burden to show that service was invalid and, in any case, service was valid because the Burr Ridge residence was one of Visvabharathy's multiple places of abode.

A.    **Legal Standard**

Visvabharathy does not clearly articulate the Federal Rule of Civil Procedure under

which he brings his motion.  The court treats it as a motion to dismiss on the ground that service

of process was insufficient pursuant to Rule 12(b)(5), or, in the alternative, to vacate the entry of

default for good cause pursuant to Rule 55(c).[1]

On a Rule 12(b)(5) motion, the defendant bears the burden of demonstrating that service

was inadequate.  *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 n.2

(7th Cir. 1991) (internal citations omitted).  In this case, Visvabharathy challenges the adequacy

of Indymac's attempt to perfect service by "leaving a copy of [the summons and complaint] at

the individual's dwelling or usual place of abode with someone of suitable age and discretion

who resides there[.]"  *See* Fed. R. Civ. P. 4(e)(2)(B).  If the court finds service of process to be

deficient, the default order will be rendered a legal nullity by virtue of the court's lack of

jurisdiction over the parties.  *See Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d

445, 448 (7th Cir. 2000) (providing that final judgments issued when the court lacks personal

jurisdiction are void).  If service is found to be valid, the court will proceed to evaluate whether

the default should be set aside.  "To succeed in the vacation of a default order under Rule 55(c),

---

[1] Federal courts sitting in diversity apply state substantive law and federal procedural law.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 246 (7th Cir. 1997) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Rules on service of process are procedural and control over any contradictory state rules, absent an irreconcilable conflict that causes constitutional problems.  *Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965); *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin. Servs., Inc.*, ___ F.3d ___, 2008 WL 2941171, at *5 (7th Cir. Aug. 1, 2008).  Therefore, the court looks to federal law, more specifically the law of the Seventh Circuit, to guide it in this matter.  Consequently, the holdings of Illinois state courts and federal cases outside of this circuit that the parties cite are informative, but not binding on this court.  *See, e.g.*, *Colby v. J.C. Penny Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987) ("[D]istrict judges in this circuit must not treat decisions *by other district judges*, in this and *a fortiori* in other circuits, as controlling, unless of course the doctrine of res judicata or collateral estoppel applies." (emphasis in original)).

the defendant must show '(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *O'Brien*, 998 F.2d at 1401.

**B.      Collateral Estoppel Does Not Apply**

As an initial matter, in its response to Indymac's sur-reply, Visvabharathy seeks to foreclose the issue of whether service was proper by asserting a collateral estoppel challenge to Indymac's arguments.  He asserts that collateral estoppel (or issue preclusion) applies because Judge Guzman has already ruled that service was improper in Case No. 07 C 6224 and the complaints and summonses for both cases were allegedly served together.  Therefore, Visvabharathy contends, Indymac may not re-litigate the issue here because the service issue was actually litigated through an evidentiary hearing on the papers in the earlier case, Indymac was fully represented in Case No. 07 C 6224, and the issue of service was essential to the decision in that case.  See Def.'s Resp. to Pl.'s Sur-Reply Regarding Def.'s Mot. to Vacate Order of Default & Quash Service at 3 (citing *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)).

Although the issues are identical in both cases, this is not enough to trigger the doctrine of issue preclusion in light of the lack of final judgment in Case No. 07 C 6224.  *See Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 496 (7th Cir. 2002) (enumerating four requirements for a defendant to establish the applicability of issue preclusion, including that "resolution of the issue was necessary to the judgment").  The motion at issue in Case No. 07 C 6224, as here, is a Rule 12(b)(5) motion, which is not a merits motion.  Visvabharathy points the court to no authority that implies that a procedural motion satisfies the requirements for issue preclusion; rather, the cases it cites support that a final judgment is required.  *See Klingman*, 831 F.2d at 1295 (noting that one of the four requirements for collateral estoppel is that "the determination of the issue must have been essential to the final judgment"); *In re Nevels*, No. 06-31265, 2007 WL

2042449, at *11 (Bankr. E.D. Tex. July 9, 2007) (holding that a default judgment was a final

judgment that was fully litigated and was, therefore, conclusive of all matters that may have been

put in issue such that collateral estoppel applied with respect to sufficiency of service).

Visvabharathy attempts to gloss over this problem by making passing reference to the

fact that he was dismissed from the action, possibly attempting to imply to the casual reader that

Judge Guzman rendered a final judgment.  However, while it technically correct that

Visvabharathy was dismissed from the case, the presentation of this fact is misleading in the

extreme, given that he was dismissed from Case No. 07 C 6224 more than a month after the

denial of the order of default and as a result of the bankruptcy stay, not the quashing of service.

*Compare* Minute Entry, Case No. 07 C 6224 (May 5, 2008) (denying order of default against

Visvabharathy), *with* Minute Entry, Case No. 07 C 6224 (June 13, 2008) (dismissing

Visvabharathy "with leave to reinstate after the Bankruptcy stay is lifted").  Thus, despite the

similarity of issues, Judge Guzman's decision from Case No. 07 C 6224 has no issue preclusive

effect on this case and the court therefore considers the merits of the motions afresh based on the

record before it.

**C.      Validity Of Substitute Service**

It is undisputed that, on December 1, 2007, a process server served the summons and

complaint on Visvabharathy's wife, Dr. Suriya Sastri, at 7529 Ridgewood Lane, Burr Ridge,

Illinois.  All other facts are contested, either for the truth or for inadmissibility.[2]

---

[2] Although the parties conducted discovery and submitted additional evidentiary material in Case
6224, the court cannot take judicial notice of anything outside of the record presented in this
case. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th
Cir. 1997) (agreeing that "courts generally cannot take notice of findings of fact from other
proceedings for the truth asserted therein because these findings are disputable and usually are
disputed").  Thus, the court considers only the facts in the record in this case.

Visvabharathy contends, by affidavit, that he moved out of the Burr Ridge address in the summer of 2006. Visvabharathy Aff. ¶ 2, attached as Ex. E to Mem. in Supp. of Mot. to Vacate Order of Default & Quash Service. He states that he and his wife are separated and are getting a divorce. *Id.* Dr. Sastri, also by affidavit, confirms Visvabharathy's statements. Sastri Aff. ¶ 2, attached as Ex. D to Mem. in Supp. of Mot. to Vacate Order of Default & Quash Service. Visvabharathy further avers that he moved to 400 South Catherine Avenue, La Grange, Illinois from summer 2006 until October 2007. Visvabharathy Aff. II ¶ 3, attached as Ex. B to Reply in Supp. of Mot. to Vacate Order of Default & Quash Service. He provides electricity and cable television bills addressed to him at the La Grange address in support. *Id.* ¶ 4. Yolanda Contreras confirms, by affidavit, that Visvabharathy lived at the La Grange address until October 2007. Contreras Aff. ¶ 3, attached as Ex. C to Reply in Supp. of Mot. to Vacate Order of Default & Quash Service. Visvabharathy states that, in October 2007, he moved to India and that, as of March 13, 2008, he was living at 196/8 Asiad Colony, Anna Nagar West, Chennai 600 101, India. Visvabharathy Aff. II ¶ 5.

Indymac contends that the substitute service on Visvabharathy is presumptively valid because the signed return of service constitutes *prima facie* evidence of valid service. A defendant challenging service can overcome *prima facie* evidence of service only "by strong and convincing evidence." *O'Brien*, 998 F.2d at 1398. Indymac argues that Visvabharathy has failed to produce sufficient evidence to overcome this presumption, especially in light of the fact that public records indicate that he owns the Burr Ridge property with his estranged wife and has not changed his address with the U.S. Post Office.

Indymac's argument that uncorroborated affidavits are insufficient evidence rests on inapposite case law that discusses the heightened burden of rebutting a signed return of service

6

that certifies that the defendant was *personally* served.  *See, e.g.*, *Fleet Mortgage Corp. v. Wise*,

No. 92 C 1102, 1997 WL 305319, at **1-2 (N.D. Ill. May 29, 1997) (finding unpersuasive the

defendant's contention that she did not recall being personally served and concluding that the

evidence did not satisfy the defendant's burden under Rule 60(b)(4) to vacate a final judgment);

*Paul v. Ware*, 630 N.E.2d 955, 958 (Ill. App. Ct. 1994) (rejecting uncorroborated affidavit as

sufficient to quash service in light of an affidavit from a process server who had prior contact

with the defendant stating that the defendant had been personally served).  In the case of

*substitute* service, Visvabharathy argues that a different standard applies because the return of

service is not itself evidence that service was made at the usual place of abode of the defendant

because the process server "is attesting to a matter outside of his own personal knowledge." *See*

*Chiaro v. Lemberis*, 171 N.E.2d 81, 85 (Ill. App. Ct. 1960).  Therefore, the return of service

"may be attacked by an affidavit, and where there is in the record no counteraffidavits

contradicting it such affidavit will be taken as true." *Id.*  The court finds the reasoning of the

Illinois Appellate Court persuasive and therefore adopts it, having found no federal case that

discusses the exact issue at hand.

In this case, Visvabharathy offers his own affidavit as rebuttal evidence and he also offers

utility bills and affidavits from his estranged wife and a third party (Contreras) that substantiate

his averments.  Indymac offers no counter-affidavits to show that Visvabharathy did live at the

Burr Ridge location at the time of the purported service.  Instead, it protests that the conclusory

statements and inconsistencies in the affidavits should persuade the court to reject

Visvabharathy's assertions.  The court does not find the minor variances in the affidavits

significant given that the important details are largely consistent across the three affidavits.

Taken together, the court finds that the affidavits prove that: Visvabharathy moved out of the

Burr Ridge home sometime in the summer of 2006 and moved to La Grange, where he lived with

Contreras until October 2007; he then went to India, where he remains. Thus, Visvabharathy has

produced sufficient evidence to show that he was not physically living at the Burr Ridge address

at the time of service in December 2006.

Next, Indymac argues that, even if Visvabharathy was not physically living at Burr Ridge

at the time of service, it was still his "place of abode." It points the court to cases that hold that

an individual can have multiple dwelling houses or usual places of abode for purposes of service

providing each location has "sufficient indicia of permanence." *In re Xacur*, 219 B.R. 956, 966-

67 (Bankr. S.D. Tex. 1998) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d

Cir. 1991) for the proposition that an international businessperson may have more than one

"usual place of abode" for purposes of service); *Blackhawk Heating & Plumbing Co. v. Turner*,

50 F.R.D. 144, 146-47 (D. Ariz. 1970) (determining that substitute service was proper, despite

the defendant's assertion that he had moved, in light of the fact that the defendant paid the rent,

had not given notice of terminating the lease, received mail, maintained a telephone, and left

furniture and cars at the service address).

Indymac offers print-outs of public records indicating that Visvabharathy has yet to

change his address with the U.S. Post Office and still has an ownership interest in the Burr Ridge

property as "indicia of permanence." Leaving aside for the moment the hearsay nature of the

evidence submitted, such evidence is not dispositive. Although Visvabharathy does not explain

why he has not changed his mailing address, he does explain that he retains a property ownership

in the Burr Ridge home pending resolution of his divorce. Visvabharathy Aff. II ¶ 2. This

explanation for ownership distinguishes the case from those cited by Indymac where the

defendant's ongoing ownership or leasing of the property could only be explained by an ongoing

8

personal occupation of the premises. *See, e.g.*, *In re Xacur*, 219 B.R. at 960 (noting that the defendant owned a condominium in Houston and spent approximately 10% of the year living there); *Jaffe & Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (noting the defendant had an ongoing residential relationship with his parents' home because he stayed there periodically and maintained a bedroom and phone line there).

Indymac has presented no evidence that Visvabharathy lived at the Burr Ridge address between the summer of 2006 and December 2007, even for short periods of time. *Cf. Nat'l Dev. Co.*, 930 F.2d at 258 (finding that a New York apartment, where the "itinerant" defendant lived for 34 days of the year in which he was served and where he was staying at the time of service, was a usual place of abode). On the other hand, Visvabharathy clearly avers that he permanently moved out of the Burr Ridge residence no later than the summer of 2006 and has not returned to live there since. Visvabharathy Aff. II ¶ 2, attached as Ex. B to Reply in Supp. of Mot. to Vacate Order of Default & Quash Service; Visvabharathy Aff. ¶ 2, attached as Ex. E to Mem. in Supp. of Mot. to Vacate Order of Default & Quash Service. Visvabharathy's failure to change his mailing address with the U.S. Post Office alone is an insufficient "indicia of permanence" to justify asserting jurisdiction over him by dint of substitute service at an address at which he no longer lives. Thus, the contention that the Burr Ridge residence was one of Visvabharathy's "usual places of abode" at the time of service is rejected. Consequently, the motion to quash service is granted and, by operation of law, the default order is vacated and the court does not reach the parties' other arguments. Indymac's motion for a judgment order is denied without prejudice; it is granted an additional 60 days to serve Visvabharathy at his disclosed address in India.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to vacate the order of default and quash service is granted and the plaintiff's motion for entry of judgment is denied without prejudice.

ENTER:

_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 8, 2008